IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LKQ CORPORATION and KEYSTONE AUTOMOTIVE INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HYUNDAI MOTOR AMERICA, INC., HYUNDAI MOTOR COMPANY, KIA AMERICA, INC., AND KIA CORPORATION, <br><br> Defendants. | C.A. No. <br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO SEAL THE COMPLAINT AND
EXHIBITS 2, 5, AND 7 TO THE COMPLAINT**

Plaintiff LKQ Corporation and Keystone Automotive Industries, Inc. ("LKQ" or "Plaintiffs") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule of Civil Practice and Procedure of the United Staters District Court for the District of Delaware 5.1.3, for an entry of an order placing under seal the Complaint and Exhibits 2, 5, and 7 to Plaintiffs' Complaint. Plaintiffs respectfully submit that good cause exists to seal these materials to protect its interests against public dissemination of the confidential information contained therein under *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019), including, for example, because Plaintiffs are contractually obligated to maintain the confidentiality of this information. In support thereof, Plaintiffs state as follows:

"Although there is a 'presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive,' the right is 'not absolute.'" *Kaleo, Inc. v. Adamis Pharms. Corp.*, 19-cv-917-RGA, 2019 WL 11680196, at *1 (D. Del. July 16, 2019)

1

(internal citation omitted). "The movant overcomes the presumption of access if it shows 'that the interest in secrecy outweighs the presumption.' The material needs to be 'the material is the kind of information that courts will protect and that disclosure will work for a clearly defined and serious injury to the party seeking closure.'" *Id.* Factors that may be considered in assessing whether good cause exists include: (1) whether disclosure would violate any privacy interest or (2) cause embarrassment to a party; (3) whether the materials sought to be protected pertain to matters of public health or safety; (4) whether disclosure of information would promote fairness and efficiency; (5) whether the party benefiting from confidentiality is a public entity or official; and (6) whether the case involves issues of public importance. *In Re Avandia Marketing*, 924 F.3d at 671.

Here, there is good cause to seal the Complaint and Exhibits 2, 5, and 7 under *In re Avandia Marketing*, because the Complaint and Exhibits 2, 5, and 7 reference terms and information deriving from settlement agreements between Plaintiffs and Defendants that contain confidential and commercially sensitive business information, the disclosure of which would violate Plaintiffs (and Defendants) contractual obligation to maintain the terms of the settlement agreement in confidence and unduly harm the privacy and competitive interests of both parties. *See, e.g.,* Exhibit 2 at ¶ 11; Exhibit 5 at ¶ 11. Therefore, there is good cause to seal Exhibits 2 and 5 as a result of the parties' contractual obligations, and because these exhibits contain a plethora of sensitive commercial and business information.

There is also good cause to seal Exhibit 7, which is an email chain between legal counsel for LKQ and legal counsel for Defendants, wherein both parties reference and discuss the terms of the Settlement Agreements in an effort by the Parties to resolve the dispute prior to seeking relief

from the Court.  *See, e.g.,* Exhibit 7.  And because the Complaint discusses and includes portions of Exhibits 2, 5, and 7, there is good cause to seal it as well.

The Court should permit seal.  Notwithstanding the above, public access to the specific terms of the settlement agreements between the parties is not necessary to advance any public health or safety interest.  In addition, Plaintiffs (and Defendants) are contractually bound to maintain the terms of its agreements in confidence.  Further, Plaintiffs and Defendants are not public entities and disclosure of Plaintiffs allegations and settlement agreement details would not promote fairness and efficiency.  Instead, disclosure would risk subjecting Plaintiffs and Defendants to harm over disclosure of sensitive business materials.  Courts routinely protect similar interests by sealing or redacting records where, as here, the information is not being sought for a public purpose and could expose a party to unnecessary reputation or competitive harm (such as by other OEMs).  *See, e.g.,* Fed. R. Civ. P. 26(c)(1)(G) (identifying "confidential … commercial information" as one category of information that can be protected by court order); *Supernus Pharms. Inc., v. Actavis, Inc.*, No. 13-cv-4740, 2015 WL 12838821, at *2 (D.N.J. June 3, 2015) ("the Court finds that Actavis possess a legitimate private interest in keeping these materials confidential … [and] that if the subject materials are made public Actavis could face a competitive disadvantage, therefore, it would be harmed.")

For all the reasons set forth above, Plaintiffs respectfully requests entry of the attached order placing the Complaint and Exhibits 2, 5, and 7 to the Complaint under seal.

Dated: February 5, 2026

OF COUNSEL:

Barry F. Irwin, P.C.
Joseph A. Saltiel
Alexander S. Bennett
**IRWIN IP LLP**
150 N. Wacker Dr., Suite 700
Chicago, Illinois 60606
(312) 667-6080 (Telephone)
birwin@irwinip.com
jsaltiel@irwinip.com
abennett@irwinip.com

Respectfully submitted,

Farnan LLP

<u>*/s/ Michael J. Farnan*</u>
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*